# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL B. MEADE, | : | Civil No. 3:16-cv-2212 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CAPTAIN S. SPAULDING, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Michael B. Meade ("Meade"), an inmate presently confined at the Allenwood Medium Security Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood Medium"), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is Warden Spaulding. Meade seeks federal habeas corpus relief on the basis that the United States Parole Commission violated his due process rights when it conducted his revocation assessment and determined he would not be eligible for re-parole until he served a term of sixty-months. (Doc. 1).

Meade filed a motion seeking injunctive relief wherein he requests that the Court immediately release him from custody. (Doc. 5, p. 2). Meade additionally requests that the Court "set an order relieving him from the stiff sex offender treatment the Commission imposed," and "hold the U.S. Parole Commission accountable for not complying with their own regulations." (*Id.*).

Meade also filed a motion for summary judgment wherein he again requests that the

Court immediately release him from custody. (Doc. 7).

For the reasons set forth below, the Court will deny each of the pending motions.

I. **<u>Injunctive Relief</u>**

As stated above, Meade's request for injunctive relief seeks his immediate release from custody. (Doc. 5, p. 2). He also asks that he be relieved from complying with special sex offender conditions imposed by the Parole Commission, and that the Parole Commission be held accountable for not complying with its own regulations. (*Id.*).

The United States Court of Appeals for the Third Circuit has directed that a district court, in exercising its discretion as to whether to grant a motion seeking preliminary injunctive relief, should consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)). The moving party bears the burden of proof on each of the factors. *See Dorfman v. Moorhous*, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993).

The most important prerequisite for the issuance of a preliminary injunction is a demonstration that, if it is not granted, the applicant is likely to suffer irreparable harm

before a decision on the merits can be rendered. *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356 (3d Cir. 1980). The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight*, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id.*

The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Speculative injury does not constitute a showing of irreparable harm. *Continental*, 614 F.2d at 359; *see also Public Serv. Co. v. West Newbury*, 835 F.2d 380, 383 (1st Cir. 1987).

It is equally well recognized that the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

Further, it is well-settled that "[t]he purpose of a preliminary injunction is to preserve the *status quo*, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). Where the "[inmate-]plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] Amended Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." *Messner v. Bunner, et al.*, 2009 WL 1406986, at *5 (W.D. Pa. 2009).

Respondent notes that Meade's requested relief in his motion for preliminary injunction is the same as that sought in his habeas petition. (Doc. 6, p. 2, n. 1). Specifically, Meade requests immediate release him from custody. *See* (Docs. 1, 5, 9). He further claims that the Parole Commission imposed special sex offender conditions, which he claims he "doesn't need" (Doc. 9, p. 17), and the Parole Commission violated their own regulations. *See id.* The gravamen of Meade's claims on the merits are identical to the claims in his motion for preliminary injunction. Because the injunctive relief sought by Meade directly relates to the merits of the ultimate issues in this lawsuit, the Court will refrain from granting injunctive relief, and instead will issue a decision addressing the merits of the habeas petition. Consequently, Meade's motion for injunctive relief will be denied.

4

## II. Motion for Summary Judgment

The Court finds that Meade's motion for summary judgment is inappropriate and unnecessary in a habeas proceeding. The Federal Rules of Civil Procedure provide the proper procedure for the Court to follow when entertaining an application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2243. First, the Court must issue a service order. *See id.* Next, the person having custody of the petitioner must file a response. *See id.* The petitioner is then permitted the opportunity to file a reply to the response. *See id.* The Court will then hold a hearing, if deemed necessary. *See id.* Lastly, the Court will issue a decision. *See id.* In light of these procedures set forth in the Federal Rules of Civil Procedure, Meade's motion for summary judgment in this section 2241 habeas action is unnecessary and will be denied. *See Cool v. Pennsylvania*, 2008 WL 2858310 (M.D. Pa. 2008) (finding that a motion for summary judgment is inappropriate in a section 2254 habeas action); *Ghaziaskar v. Ashcroft*, 2005 WL 1138377 (M.D. Pa. 2005) (construing petitioner's motions for judgment as a matter of law as motions for default judgment, and denying the motions as unauthorized by the statutory provisions and rules related to habeas corpus proceedings); *Atkins v. United States*, 1990 WL 126196, *3 ("the habeas corpus statute seems to treat the petition itself as the equivalent of a petitioner-initiated summary judgment motion") (citing 1 J. Liebman, *Federal Habeas Corpus Practice and Procedure* § 17.3 (1988)).

5

## III. Conclusion

Based on the foregoing, Meade's motion for injunctive relief and motion for summary judgment will be denied. A separate Order follows.

Date: August 9, 2017

Robert D. Mariani
United States District Judge